# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
November 12, 2025

Lyle W. Cayce
Clerk

No. 25-20237

Lonnie H. Rector, Jr.,

*Plaintiff—Appellant*,

*versus*

Charles Eskridge,

*Defendant—Appellee*.

_____

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:25-CV-1510

_____

Before Jones, Richman, and Ramirez, *Circuit Judges*.

Per Curiam:[*]

Lonnie H. Rector, Jr., Texas prisoner # 00755182, moves for leave to proceed in forma pauperis (IFP) in this appeal of the district court's sua sponte dismissal of his complaint as frivolous, for failure to state a claim, and as barred by judicial immunity. The motion is a challenge to the district court's certification that the appeal is not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997).

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 25-20237

Rector fails to address meaningfully the district court's reasons for the dismissal of his complaint. Pro se briefs are afforded liberal construction. *See Yohey v. Collins*, 985 F.2d 222, 225 (5th Cir. 1993). Nevertheless, when an appellant fails to identify any error in the district court's analysis, it is the same as if the appellant had not appealed the decision. *Brinkmann v. Dallas Cnty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).

Because Rector has failed to meaningfully challenge any factual or legal aspect of the district court's disposition of his claims and dismissal of his complaint, he has abandoned the critical issue of his appeal. *See id.* Thus, the appeal lacks arguable merit. *See Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983). Accordingly, the motion for leave to proceed IFP is DENIED, and the appeal is DISMISSED as frivolous. *See Baugh*, 117 F.3d at 202 n.24; 5TH CIR. R. 42.2. Rector's motions to "vacate or modify the suit," and for damages and costs are also DENIED.

This court's dismissal of the appeal as frivolous counts as one strike under 28 U.S.C. § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 387-88 (5th Cir. 1996), *abrogated in part on other grounds by Coleman v. Tollefson*, 575 U.S. 532 (2015). Rector is WARNED that if he accumulates three strikes, he will no longer be allowed to proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g).